IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: WILLIE HALL STONE, | ) | |
| Debtor. | ) | CASE NO.  04-75013 |
| | ) | CHAPTER   13 |
| | ) | |

_____

MEMORANDUM DECISION

The issue presented in this case is whether a bankruptcy debtor who dies within a few months of obtaining confirmation of a chapter 13 plan should be granted a "hardship discharge" pursuant to 11 U.S.C. § 1328(b).  For the reasons noted below the Court concludes that under the circumstances of this case the proper answer is "no" and that the case should be dismissed.

FINDINGS OF FACT

Mr. Willie Hall Stone, now deceased, filed a petition under Chapter 13 of the Bankruptcy Code with this Court on December 20, 2004.  The principal purpose of the case, according to counsel for the Debtor, was to permit him to cure a delinquency in his home mortgage and thereby save his personal residence.  He proposed a plan providing for thirty-six (36) monthly payments of $100.00 each which would cure the petition date delinquency in the mortgage debt and provide a projected distribution of 25% to the holders of unsecured indebtedness in the scheduled amount of $5062.71.  Upon the recommendation of the chapter 13 trustee and without objection from any creditor, this plan was confirmed on March 23, 2005.

Within only a couple of months thereafter, Mr. Hall was tragically killed in an automobile

accident.[1]  Although he was unmarried at that time, he was survived by two adult children, a

daughter in Roanoke, Virginia and a son of unknown whereabouts and with whom the Debtor

had had no contact in many years, according to Debtor's counsel.  He was also survived by a

lady friend who apparently resided with him in his residence.  On July 11, 2005 the Trustee filed

a motion to dismiss or convert the case on the basis that the Debtor had not made his plan

payments for the months of June and July and counsel had advised the Trustee that the Debtor

was deceased.  On July 27, 2004 counsel for the Debtor filed a Motion for Hardship Discharge

pursuant to 11 U.S.C. §1328(b) in which he alleged that the Debtor was unable to complete his

plan by reason of circumstances beyond his reasonable control, namely, his death, and that the

unsecured creditors had received not less than the amount which they would have received in a

chapter 7 liquidation case, specifically, nothing. The Trustee has filed an Objection to such

Motion.  No creditor has filed any objection or appeared in opposition to the Debtor's Motion.

At the suggestion of the Trustee counsel for the Debtor has filed amended schedules B and C

disclosing the existence of a wrongful death cause of action and claiming an exemption for such

cause of action pursuant to Va. Code § 34-28.1.

        Following Mr. Stone's death the mortgagee sought and obtained relief from the

stay to enforce its security rights against the Debtor's residence property.

---

[1]According to the response filed by Debtor's counsel to a motion for relief filed by the
home mortgagee, the specific date was May 20, 2005.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of

28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the

District Court on July 24, 1984.  The determination of a motion for hardship discharge is a

"core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (O).

Section 1328(b) of the Bankruptcy Code authorizes a bankruptcy court to grant a

"hardship" discharge to a chapter 13 debtor who is unable to fulfill the provisions of his

confirmed plan in the following circumstances:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been pad on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
> (3) modification of the plan under section 1329 of this title is not practicable.

Federal Rule of Bankruptcy Procedure 1016 provides for chapter 13 bankruptcy

cases in which the debtor dies while the case is pending as follows: "the case may be dismissed;

or if further administration is possible and in the best interest of the parties, the case may proceed

and be concluded in the same manner, so far as possible, as though the death . . . had not

occurred."

Counsel for the Debtor argues that the death of the Debtor in an automobile

accident is certainly not a circumstance for which he reasonably can be blamed and that because

his unsecured creditors would have received nothing in a chapter 7 liquidation, they are not

prejudiced by a discharge of their claims with no distribution to them under the circumstances of

this case.  The Trustee objects to the granting of such a discharge and points out that the Debtor

made no more than five payments of $100.00 each (January thru May of this year) before

suffering his untimely demise.  Counsel for the Debtor cites four cases supporting the Motion

before the Court.  Three of the four do deal with the death of a chapter 13 debtor prior to

completion of a confirmed plan.  The earliest of these, *In re Bond*, 36 B.R. 49 (Bankr. E.D.N.C.

1984), dealt with a divorced mother of two minor children and very limited income who

proposed and obtained confirmation of a chapter 13 plan which required payment of every bit of

her $250.00 per month disposable income to the chapter 13 trustee for a term of forty-two (42)

months, which would have meant a distribution of 48% to her scheduled unsecured creditors. *Id.*

at 50.  She made every one of her payments until her death of cancer just over two years later, a

total of $5,500.00 being paid to the Trustee. *Id.*  In a chapter 7 case all of her assets would have

been completely exempt. *Id.*  If the application for a hardship discharge had been denied,

apparently under North Carolina law no exemptions would have been available to her estate, all

of which would have then been liable to her creditors, including those who had not bothered to

file a proof of claim in the bankruptcy case. *Id.* at 51.  In granting the application Judge Small

alluded to the admirable efforts which the Debtor had made prior to her death to make a

meaningful distribution to her creditors, the public policy reasons in favor of chapter 13 plans,

and the prejudice to her minor dependent children if a discharge were denied when one would

have been readily available to the Debtor had she filed a chapter 7 case. *Id.* at 51-52.

The second of the three decisions dealing with a chapter 13 debtor's death is *In re*

*Graham,* 63 B.R. 95 (Bankr. E.D. Pa. 1986).  The confirmed plan was for forty (40) monthly

payments of $140.00 each. *Id.* at 96.  At the time of his death the debtor had paid $5,174.68 to

the trustee and lacked only $425.32 to complete his payment obligation. *Id.*  The court held that

the creditors had received more than they would have received in a chapter 7 liquidation case

and that the other requirements of section 1328(b) had been satisfied; therefore it granted a

"hardship" discharge. *Id.* In the third of these cases the debtor had made about two years of

payments upon a three year plan when he died. *In re Stewart,* No. 01-66434-FRA13, 2004 WL

3310532, at *1 (Bankr. D. Or. Mar. 2, 2004). His children, being his heirs at law, proposed to

make the remaining payments in his place. *Id.* The Trustee objected and argued that it would be

in the best interests of the creditors to dismiss the case. *Id.* The court overruled this objection

and permitted the children to continue paying the obligations under the plan. *Id.* at *2. The

fourth decision cited by Debtor's counsel is *In re Harrison*, No. 96-36511-T, 1999 WL

33114273 (Bankr. E.D.Va. Aug. 3, 1999), authored by Chief Judge Tice of the Eastern District

of Virginia Bankruptcy Court. Judge Tice discussed the line of cases construing section 1328(b),

but the facts of the case dealt with a health problem, not the debtor's death. *Id.* at *1-2. The

court held that the debtor had failed to offer evidence to support a determination that all of the

requirements of section 1328(b) had been satisfied; accordingly, the application was denied. *Id.*

at *2.

The facts before this Court are considerably different from those cases mentioned

above where applications were granted. The most relevant and important distinctions are as

follows:

1. The much greater length of time after confirmation and number of payments which had

been made prior to the chapter 13 debtor's death in the cited cases.

2. The absence of any evidence of a surviving dependent widow or minor children in this

case.

3. The absence of any distribution whatsoever to the unsecured creditors in this case.

4. The absence in this case of any proposal by Mr. Stone's heirs to fulfill any part of Mr. Stone's remaining obligations under his plan.

5. The fact that Virginia has expressly considered the issue of exemptions from claims of creditors in favor of certain dependents of deceased persons and has provided some statutory protection for them. *See* Va. Code §§ 64.1-151.1 to -151.6 (2002 Repl. Vol.).

6. The absence of any showing in this case that any equities exist in favor of the Debtor's heirs or other beneficiaries of his estate, such as it might be, over the rights of his unpaid creditors.  The heirs are prejudiced by denial of a discharge only if there is some estate to inherit. If there is, either now or in the future, it strikes the undersigned that the creditors have a stronger moral and equitable claim to any non-exempt estate than do his adult relatives or close friends.

The general purpose of the bankruptcy court has often been described as to give honest debtors a fresh start free of the burden of crushing and insurmountable debt.  Mr. Stone has already received a "fresh start" far beyond this court's ability to grant one, hopefully in a happier and debt-free world.  He has no further need of a bankruptcy discharge.  The Court sees no reason to supplant the legislated policy of the Commonwealth of Virginia as to the proper balance between the rights of a decedent's creditors and his heirs.  Accordingly, by separate order the Debtor's Motion will be denied and the Trustee's Motion to Dismiss will be granted.

This 7th day of October, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE